IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHEM J. VANDER VEUR,<br><br>　　　Plaintiff,<br><br><br><br><br><br>　　　　　vs.<br><br><br>GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., AND 1ST NATIONAL LENDING SERVICES, DOES 1-10,<br><br>　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DENYING AS MOOT PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER<br><br><br><br><br><br>Case No. 2:11-CV-69 TS |

This matter is before the Court on Defendant GMAC Mortgage, LLC ("GMAC") and

Mortgage Electronic Registration System, Inc.'s ("MERS") (collectively, "Defendants") Motion

to Dismiss, as well as an Ex Parte Motion for Temporary Restraining Order filed by Plaintiff.

For the reasons discussed below, the Court will grant Defendants' Motion to Dismiss, rendering

moot Plaintiff's Ex Parte Motion for Temporary Restraining Order.

## I.  BACKGROUND

On October 2, 2006, Plaintiff borrowed $1,500,000 from Defendant 1st National Lending Services and signed an adjustable rate note (the "Note").  The Note was secured by a Deed of Trust on real property located in Summit County, Utah.  The loan is in default.

## II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1]  Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[2]  All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3]  But, the court "need not accept . . . conclusory allegations without supporting factual averments."[4]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *GFF Corp.*, 130 F.3d at 1384.

[4] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[6] Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[7]

### III.  DISCUSSION

Plaintiff's Complaint brings the following causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) intentional or negligent misrepresentation; (4) violation of Utah consumer protection statutes; (5) quiet title; and (6) declaratory judgment and injunctive relief.

### A.     BREACH OF CONTRACT, QUIET TITLE, AND DECLARATORY JUDGMENT

Plaintiff's breach of contract, quiet title, and declaratory judgment claims all center around two theories: the Note has been securitized and Defendants lack the authority to foreclose.  These claims have been repeatedly rejected by the Court and Plaintiff provides nothing to warrant reconsideration of these issues.  Therefore, these claims will be dismissed.

---

[6]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[7]*Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

3

B.      BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff alleges that GMAC breached the covenant of good faith and fair dealing "by failing to present evidence, upon Plaintiff's numerous pre-litigation written and verbal requests, including letters, regarding the unidentified and/or misrepresented current foreclosor's authority to foreclose."[8]

The covenant of good faith and fair dealing, which inheres in every contractual relationship, "cannot be construed to establish new, independent rights or duties not agreed upon by the parties."[9]  Plaintiffs' second cause of action seeks to impose new duties upon Defendants and grant Plaintiff new rights.  Specifically, this claim would require Defendants to inform Plaintiff of their ability to foreclose. There is nothing in the Note or Deed of Trust that requires such notification and the covenant of good faith and fair dealing cannot be relied on to create a contract different than the one agreed to by the parties.  Therefore, this claim fails.

C.      MISREPRESENTATION CLAIMS

Plaintiff also brings claims for intentional or negligent misrepresentation.  Plaintiff's Complaint, however, makes only vague allegations concerning the alleged misrepresentations. The Court finds that these allegations fail to meet the pleading standards set out by the Supreme Court in *Twombly*.  Therefore, this claim will be dismissed.

---

[8]Docket No. 1-2, ¶ 101.

[9]*PDQ Lube Center, Inc. v. Huber*, 949 P.2d 792, 798 (Utah Ct. App. 1997).

D.      UTAH CONSUMER PROTECTION STATUTES

Plaintiff's Complaint alleges that Defendants have violated the Utah Consumer Sales

Practices Act and the Utah Truth in Advertising Act.  However, these allegations are both

conclusory and state legal conclusions.  As a result, the Court need not accept them as true for the

purposes of this Motion.  Plaintiff provides nothing further as to how Defendants have violated

these provisions.  Therefore, this claim will be dismissed.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 3) is GRANTED.  It is

further

ORDERED that Plaintiff's Ex Parte Motion for Temporary Restraining Order (Docket

No. 7) is DENIED AS MOOT.

DATED   September 29, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge

5